IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  3:08-cr-47-02 |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| -vs- | ) | |
| | ) | |
| MARTIN TORRES JR., | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for

the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney,

defendant, MARTIN TORRES JR., and defendant's attorney, Brian Toay, agree to the

following:

1.    Defendant acknowledges the Indictment in this case charges a violation of

Title 21, United States Code, Section 846.

2.    Defendant has read the charge and defendant's attorney has fully explained

the charge to defendant.

3.    Defendant fully understands the nature and elements of the charged crime.

4.    Defendant will voluntarily plead guilty to Count One of the Indictment.

5.    The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Federal Rule of Criminal Procedure 11(c).  The parties

specifically agree that Rule 11(c)(1)(C) does not apply.  If the United States makes the

non-binding recommendations specified in this Plea Agreement, then defendant

acknowledges this agreement will have been fulfilled.  Except as provided in Rule

11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not

give defendant a right to withdraw defendant's guilty plea.

      6.    Defendant will plead guilty because defendant is in fact guilty of the

charge.  In pleading guilty to this charge , defendant acknowledges that as to Count One:

From in or about January 2006 through December 2007, in the District of North

Dakota, and elsewhere,

KATHLEEN DAVIS;<br>
MARTIN TORRES JR.;<br>
JEFFREY THOMAS SWENSON; and<br>
RANDIE MAE JOHNSON

did knowingly and intentionally combine, conspire, confederate, and agree together with

Crystal Dawn Mattern, indicted in the District of North Dakota, Southeastern Division,

Case No. 3:07-cr-101; and Rachel Barbosa Rogers, a/k/a Rachel Barbosa; Jennifer Anne

Pachmayr; Francesca Jo Prichett, a/k/a Keka; Tomas John David Mott; Justin Lee Myers,

a/k/a Oklahoma J; Israel John Patrick Davis; Melissa Ann Christiansen; Kevin Leroy

Morse, a/k/a BK; Cory Allen Hiebert; Jonathan Andrew McKee; and Normalinda Ayala

Montantez, indicted in the District of North Dakota, Southeastern Division, Case

No. 3:07-cr-95, and others, both known and unknown to the grand jury, to possess with

2

intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Oklahoma, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

5. During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine from Minnesota, Oklahoma, and elsewhere to North Dakota.

6. Methamphetamine was stored and distributed at various locations during the course of the conspiracy in North Dakota, Minnesota, Oklahoma, and elsewhere;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

7.    Defendant understands this charge carries the following maximum penalties:

Count One:

| | |
|---|---|
| Imprisonment: | life/10 year minimum mandatory |
| Fine: | $4,000,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8.    Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)    The right to a speedy public jury trial and related rights as follow:

(i)    A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree

unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)     If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)     At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)     At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)     Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.    Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial.  Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2007) (USSG).  Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.  The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute defendant for any offenses under their jurisdiction.  This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13.    The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct for Count One is 32.  (USSG § 2D1.1(c)(4) - more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, but less than 1.5 kilograms)

14.    At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility.  (USSG § 3E1.1(a))  The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently.  (USSG 3E1.1(b))

15.    Neither the Court nor Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the Sentencing Guideline range.  The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure.  Both parties reserve the right to object to any departure.  See USSG § 1B1.1, comment.(n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

16.    The parties stipulate and agree, that as of the date of this agreement, the defendant appears to qualify for a two-level downward adjustment for acceptance of

responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

17. At the time of sentencing, the United States will recommend a sentence at the low end of the applicable Guideline range, or the minimum mandatory, whichever is greater.

The United States agrees not to prosecute the defendant in the drug conspiracy involving E. G. and P. M., et al., arising out of a search warrant conducted in Moorhead, Minnesota, on May 8, 2008.

18. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be

used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration, if defendant commits such acts in connection with this agreement or otherwise.

19.     Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21.     Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a).  Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant, reserving only the right to appeal from an upward departure from the applicable Guideline range.  See USSG § 1B1.1, comment. (n.1) (defines "departure").  Except for a claim of ineffective assistance of counsel, the defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  Therefore, defendant understands that any appeal or other post-conviction relief defendant might seek should be summarily dismissed by the Court in which it is filed.

22.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota.  Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23.   Defendant acknowledges reading and understanding all provisions of the

Plea Agreement.  Defendant and defendant's attorney have discussed the case and

reviewed the Plea Agreement.  They have discussed defendant's constitutional and other

rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:                                           DREW H. WRIGLEY
                                                  United States Attorney


Dated:___12/3/07___        By:   _____
                                                  CHRISTOPHER C. MYERS
                                                  Assistant United States Attorney


Dated:___12/3/07___              _____
                                                  MARTIN TORRES JR.
                                                  Defendant

                                                  _____
Dated:___12/3/07___              BRIAN TOAY
                                                  Attorney for Defendant


11/20/08

11